FILED

06 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  ELIAS STAVRINIDES
   11041 MAIN STREET, STE 511238
2  PENNGROVE, CALIFORNIA [94
3  Telephone: (707) 483-7689
   punchdrunk76@gmail.com
4
5
6
7

8              UNITED STATES DISTRICT COURT                    KAW

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  ELIAS STAVRINIDES,                    ) CASE NO: 15  3118
                                          )
12      Plaintiff,                        )  VERIFIED COMPLAINT FOR DAMAGES
                                          )
13      vs.                               )  VIOLATION OF 15 USC 1692 *et seq.*
                                          )  FDCPA;
14  PACIFIC GAS AND ELECTRIC              )  VIOLATION OF 47 USC 227 *et seq.* TCPA;
15  COMPANY;                              )  VIOLATION OF CALIFORNIA
                                          )  ROSENTHAL FAIR DEBT COLLECTION
16      Defendant.                        )  PRACTICES ACT CC 1788 *et seq.*
                                          )
17                                        )  DEMAND FOR TRIAL BY JURY
                                          )
18                                        )
                                          )
19                            COMPLAINT

20      Plaintiff, ELIAS STAVRINIDES, individually hereby sues Defendant PACIFIC GAS

21  AND ELECTRIC COMPANY. for violations of the FDCPA 15 USC §1692, violations of the
22
23  TCPA 47 USC §227, and the California Rosenthal Fair Debt Collection Practices Act Civil Code

24  1788.

25                        **PRELIMINARY STATEMENT**

26  1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant
27
28      for violations of the Telephone Consumer Protection Act (TCPA) 47 USC §227(b)(1)(A),

Telephone Consumer Protection Act (TCPA) 47 USC §227(b)(1)(A)(iii), Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692c(a)(1), Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692d(5) and Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692d(6), Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692e(10), the California Rosenthal Fair Debt Collection Practices Act (CFDCPA).

2. Plaintiff contends that the Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d), California Stat. § 1788, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367, Jurisdiction arises under Cal. Civ. Pro. §410.10. Defendant conducts business in the state of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391b and Cal. Civ. Pro. §395(a). Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

## PARTIES

5. Plaintiff, ELIAS STAVRINIDES, ("STAVRINIDES") is a natural person and is a resident of Sonoma County, California.

6. Upon information and belief Defendant, PACIFIC GAS AND ELECTRIC COMPANY ("PGE") is a California corporation, authorized to do business in California, with Corporate Headquarters at 77 Beale Street, 32nd Floor, San Francisco, CA 94105 Agent For Service of Process, Linda Y.H. Cheng on 24th Floor.

7. Defendant PGE is a debt collector, and is attempting to collect a debt, subject to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 & seq. (''FDCPA'').

8. Defendant PGE is an entity which collects debts, bringing it within the ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788 (''CFDCPA'').

## FACTUAL ALLEGATIONS

9. Plaintiff has no prior or present established relationship with the Defendant PGE.

10. Defendant PGE has continued to send statements to Plaintiff regarding some alleged and disputed debt.

11. Plaintiff has disputed the debt, and has sent a request for verification of debt on October 10, 2013 Certified Mail 7012 3050 0000 7317 5568.

12. Defendant PGE has never validated or verified the debt, but continues to attempt to collect this disputed debt.

13. Plaintiff has no contractual obligation to pay Defendant PGE.

14. Plaintiff has never given any Defendant express permission to call Plaintiff's cellular phone.

15. On April 2, 2015 at 08:23 a.m. Defendant PGE called Plaintiff's cell phone 707-483-7689 from phone number 800-743-5000 using automatic telephone dialing system capabilities or artificial or prerecorded voices on Plaintiffs cellular phone.

16. On April 2, 2015 at 08:23 a.m. Defendant PGE called Plaintiff's cellular phone 707-483-7689 from phone number 800-743-5000 with no prior permission given by Plaintiff.

17. On April 2, 2015 at 08:23 a.m. Defendant PGE asserted a right which it lacks, to wit, the right to enforce a debt.

1  18. On April 2, 2015 at 08:23 a.m. Defendant PGE failed to identify that they were debt

2      collectors trying to collect a debt.

3  19. On April 20, 2015 Plaintiff sent Defendant PGE a NOTICE OF INTENTION TO

4      COMMENCE ACTION by Certified Mail Receipt #7014 1820 0000 1454 3768.

5
                                     **COUNT I**
6  **VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C.**
7  **§227(b)(1)(A) BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.**

8  20. Plaintiff alleges and incorporates the information in all previous paragraphs.

9  21. Defendant PGE have demonstrated willful or knowing non-compliance with 47 U.S.C.

10     §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's

11
       number.
12

13  22. 47 U.S.C. §227(b)(1)(A) states in part;

14     (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

15     (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any
16     person outside the United States if the recipient is within the United States—

17     (A) to make any call (other than a call made for emergency purposes or made with the prior
       express consent of the called party) using any automatic telephone dialing system or an
18     artificial or prerecorded voice—

19  23. Defendant PGE has called the Plaintiffs phone using an automatic dialing system.

20  24. Defendant PGE has demonstrated willful or knowing non-compliance with 47 U.S.C.
21
       §227(b)(1)(A) by calling the Plaintiff's number and using an automatic dialing system.
22

23     The call is subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as it was

24     intentional.

25  25. Plaintiff spoke with PGE and PGE assured Plaintiff that the calls and collection attempts
26
       would stop. PGE refuses to cease communication and continues to violate 47 U.S.C. An
27

28

unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

26. Plaintiff and PGE do not have an established business relationship within the meaning of 47 U.S.C. §227. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227.

## COUNT II
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A)(iii) BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.

27. Plaintiff alleges and incorporates the information in all previous paragraphs.

28. Defendant PGE has called the Plaintiffs cellular phone contrary to 47 U.S.C. §227(b)(1)(A)(iii).

29. 47 U.S.C. §227(b)(1)(A)(iii) states in part;

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

30. Defendant PGE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given PGE permission to call Plaintiffs cellular phone. The call is subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as it was intentional.

31. Plaintiff spoke with PGE and PGE assured Plaintiff that the collection attempt and calls would stop. PGE refuses to cease communication and continues to violate 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

32. Plaintiff and PGE do not have an established business relationship within the meaning of 47 U.S.C. §227. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227.

## COUNT III
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692c(a)(1) BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.

33. Plaintiff alleges and incorporates the information in all previous paragraphs.

34. Defendant PGE placed a telephone call to the Plaintiff's cellular telephone.

35. Defendant knew or should have known that the phone calls made were inconvenient to the consumer.

36. Defendant PGE violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff's cellular phone on dates and times listed above with no prior permission given by Plaintiff.

37. Such communication is prohibited by 15 U.S.C. §1692c(a)(1).

38. 15 U.S.C. §1692c(a)(1) states in part;

(a)    COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(1)    at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is

after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location;

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT IV
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692d(5) BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.**

39. Plaintiff alleges and incorporates the information in all previous paragraphs.

40. Defendant PGE violated 15 U.S.C. §1692d(5) by calling the Plaintiff causing the

Plaintiff's phone to ring repeatedly and/or continuously with the intent to annoy, abuse, or

harass the Plaintiff with no prior permission given by Plaintiff.

41. This intentional and repeated calling by PGE has caused the Plaintiff undue stress,

relationship issues, nervousness and embarrassment.

42. 15 U.S.C. §1692d(5) states in part;

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5)    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT V
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692d(6) BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.**

43. Plaintiff alleges and incorporates the information in all previous paragraphs.

44. Defendant PGE violated 15 U.S.C. §1692d(6) by calling the Plaintiff without meaningful

disclosure of the caller's identity and with no prior permission given by Plaintiff.

45. 15 U.S.C. §1692d(6) states in part;

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(6)    The placement of telephone calls without meaningful disclosure of the caller's identity.

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual, statutory, and

punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

### COUNT VI
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(10) BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.

46. Plaintiff alleges and incorporates the information in all previous paragraphs.

47. Defendants PGE violated 15 U.S.C. §1692e(10) by the use of a false representation or

deceptive means to collect or attempt to collect a debt or to obtain information

concerning a consumer.

48. 15 U.S.C. §1692e(10) states in part;

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual, statutory, and

punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

### COUNT VII
### VIOLATION OF VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CC 1788 *et seq*. BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.

VERIFIED COMPLAINT FOR DAMAGES

49. Plaintiff alleges and incorporates the information in all previous paragraphs.

50. Plaintiff is a consumer within the meaning of 15 USC 1692 *et seq.*

51. Defendant is seeking to collect a consumer debt from Plaintiff as defined by Cal. Civ. §1788(f).

52. The account in question is a consumer credit transaction ad defined by Cal. Civ. §17882(e) as Plaintiff has allegedly received property, services or money from the Defendant on an extension of credit and such property, services or money was used primarily for personal, family or household purposes.

53. Defendant violated §1788.11(d) of the CFDCPA by placing collection a call to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

54. Defendant violated §1788.11(e) of the CFDCPA by placing a collection call to Plaintiff as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances.

55. Defendant violated the §1788.17 of the CFDCPA by continuously failing to comply with the statutory regulations contained with the FDCPA 15 USC §1692 *et seq.*

    i.    Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

    ii.    Defendant violated §1692d(5) of the FDCPA by causing a telephone ring with the intent to annoy, abuse, and harass Plaintiff.

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual, statutory, and attorney's fees pursuant to §1788.30(b) and costs, pursuant to §1788.30(c).

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 2nd of July, 2015

ELIAS STAVRINIDES
150 Raley Town Center Ste 2512
Rohnert Park, California [94928]
707-318-9929
ronc2009@gmail.com

## VERIFICATION

### Declarations of ELIAS STAVRINIDES

I, ELIAS STAVRINIDES declare as follows:

1. I am the Plaintiff in the above entitled matter.

2. I am of age, sound of mind and competent to testify to facts based on first hand knowledge of above items so stated.

3. I have been damaged financially, socially and emotionally as a result of Defendant's unlawful actions and conduct.

4. I have read the foregoing pleading and know the facts therein stated to be true and correct.

5. I declare, under penalty of perjury pursuant to the laws of California and the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

ELIAS STAVRINIDES, Declarant