SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
Blaise S. Curet, #124983
bcuret@spcclaw.com
Lindsey A. Morgan, #274214
lmorgan@spcclaw.com
Two Embarcadero Center, Suite 1410
San Francisco, California 94111
Tel.: (415) 352-6200; Fax: (415) 352-6224

Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS STAVRINIDES,<br><br>    Plaintiff,<br><br>vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Defendant. | CASE NO. 4:15-CV-03118-KAW<br><br>**SEPARATE INITIAL CASE MANAGEMENT STATEMENT BY PACIFIC GAS & ELECTRIC COMPANY**<br><br>Date: October 6, 2015<br>Time: 1:30 p.m.<br>Courtroom: To be assigned<br><br>Magistrate Kandis A. Westmore |

Defendant Pacific Gas and Electric Company ("Defendant" or "PG&E") submits the following Separate Initial Case Management Statement pursuant to Civil Local Rule 16-9(a) and the Standing Order For All Judges of the Northern District of California – Contents of Joint Case Management Statement.

**1. Jurisdiction and Service**

This Court has subject matter jurisdiction over the claims made by Plaintiff Elias Stavrinides ("Plaintiff") under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and has supplemental jurisdiction over Plaintiff's claim under the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 (the "Rosenthal Act"), because it relates to Plaintiff's cause of action under the FDCPA. Defendant has been served with the Summons and Complaint in this matter.

**2. Facts**

PG&E provided electrical service to Plaintiff at his home at 7493 Mercedes Way in Rohnert Park under Account Number 7863966761.[1] Plaintiff was enrolled in a balanced payment plan for that account starting on May 31, 2012, and the statements on the account reflect that he made no payments through December 2012. There is an outstanding balance of $1,188.75 on this account. In addition, Plaintiff operated a business called Gorilla Nursery at 4640 Arlington Avenue in Santa Rosa. The power meter at 4640 Arlington Avenue was seized after law enforcement discovered a large marijuana grow operation at the property on June

---

[1] This property appears to have later gone into foreclosure, based on Plaintiff's wrongful foreclosure case filed in Sonoma Superior Court and removed to the Northern District under case number 3:14-cv-00573-MMC on February 6, 2014.

1

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111
TEL (415) 352-6200 • FAX (415) 352-6224

27, 2012, accompanied by an illegal electrical bypass on the power meter. The utility theft at 4640 Arlington Ave. amounted to $11,847.34.

Plaintiff alleges he received a telephone call on April 2, 2013 at 8:23 a.m. on his cellular telephone, number (707) 483-7689, and conclusorily alleges that the call was made using automatic telephone dialing system capabilities or artificial or prerecorded voices. (Complaint, Dkt. No. 1, ¶¶ 9-16) Plaintiff alleges PG&E sends him statements regarding a debt, but claims he has no prior or present established relationship with PG&E. (Complaint, Dkt. No. 1, ¶¶ 9-14).

PG&E has filed a Motion to Dismiss the Complaint, which is pending and set for hearing on October 15, 2015. PG&E denies the material allegations in Plaintiff's complaint and denies that its attempts to contact Plaintiff violated the FDCPA, TCPA, Rosenthal Act, or any other law.

### 3. Legal Issues

The legal issues include all issues raised in PG&E's Motion to Dismiss (Dkt. No. 11), including but not limited to whether Plaintiff has stated a claim for relief, whether PG&E is an original creditor exempt from FDCPA claims, whether Plaintiff provided his cellular telephone number to PG&E in connection with his PG&E accounts, and whether Plaintiff can escape responsibility for his financial obligations by alleging he has no relationship with PG&E.

### 4. Motions

PG&E has filed a motion to dismiss the complaint (Dkt. No. 11). PG&E intends to file a summary judgment motion for any claims remaining after the motion to dismiss has been heard.

### 5. Amendment of Pleadings

PG&E has not yet filed an answer. PG&E opposes any amendment to the Complaint by Plaintiff because such amendment will be futile.

### 6. **Evidence Preservation**

PG&E has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and has taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. Plaintiff has not responded to PG&E so the parties have not met and conferred pursuant to F.R.C.P. 26(f).

### 7. **Disclosures**

PG&E objects to providing initial disclosures while its Motion to Dismiss is pending.

### 8. **Discovery**

No discovery has been taken to date. PG&E proposes that a discovery plan be set after the Motion to Dismiss has been heard and the Complaint is at issue. PG&E intends to complete full discovery if this action is not dismissed.

### 9. **Class Actions** - This is not a class action.

### 10. **Related Cases**

While Plaintiff is an active litigant, PG&E does not believe any of his other pending cases constitute related actions.

### 11. **Relief**

It is unclear exactly what relief Plaintiff seeks. PG&E does not believe that Plaintiff is entitled to any relief whatsoever from PG&E. PG&E seeks to recover the outstanding balances on Plaintiff's accounts.

### 12. **Settlement and ADR**

PG&E has requested that Plaintiff agree to submit a Request for ADR Telephone Conference, to advise the ADR department that a Motion to Dismiss is pending. Plaintiff has not responded. PG&E declines to participate in settlement or ADR proceedings while the Motion to Dismiss is pending.

### 13. **Consent to Magistrate Judge for All Purposes**

PG&E has filed a Consent to Proceed before a Magistrate Judge.

3

**14. Other References**

PG&E does not believe that other references are appropriate.

**15. Narrowing of Issues**

PG&E has already filed a Motion to Dismiss intended to narrow the claims, and intends to file a summary judgment motion or motions for summary adjudication if necessary to further narrow or eliminate the issues.

**16. Expedited Trial Procedure**

PG&E does not believe that an expedited schedule is appropriate.

**17. Scheduling**

PG&E proposes the following dates:

**Designation of experts:**

90 days before trial per F.R.C.P. 26(a)(2)(D)(i), and;

30 days after another party's disclosure if evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), per F.R.C.P. 26(a)(2)(D)(ii).

**Discovery cutoff:**

PG&E proposes 6 months from the date of the case management conference.

**Hearing of dispositive motions:**

PG&E proposes that the deadline for filing dispositive motions be set 30 days after discovery closes.

**Pretrial conference:**

PG&E proposes that the pretrial conference be set 120 days after the close of discovery.

**Trial:**

The parties propose that trial be set 30 days after the pretrial conference.

**18. Trial**

Plaintiff has demanded a jury trial. The expected length of trial is two to three days.

4

### 19. <u>Disclosure of Non-party Interested Entities or Persons</u>

Plaintiff has disclosed no interested entities or persons.

PG&E has disclosed PG&E Corporation, the publicly traded parent company of Pacific Gas and Electric Company.

### 20. <u>Professional Conduct</u>

The attorneys of record for PG&E have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 21. <u>Other Matters</u>

PG&E proposes that the Case Management Conference be continued until after the hearing on the Motion to Dismiss, currently set for hearing on October 15, 2015.

DATED: September 29, 2015    Respectfully submitted,

SINNOTT, PUEBLA,
CAMPAGNE & CURET, APLC


By: s/Lindsey A. Morgan
    BLAISE S. CURET
    LINDSEY A. MORGAN
    Attorneys for Defendant Pacific Gas and Electric Company

# PROOF OF SERVICE

I, Lindsey A. Morgan, hereby certify that:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is Two Embarcadero Center, Suite 1410, San Francisco, California 94111. I am counsel of record for the defendant in this action.

On September 29, 2015, I caused the **SEPARATE INITIAL CASE MANAGEMENT STATEMENT BY PACIFIC GAS & ELECTRIC COMPANY** to be served upon the parties listed:

**VIA U.S. MAIL**
Elias Stavrinides
11041 Main Street, Ste. 511238
Penngrove, CA 94951
*PRO SE*

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Sinnott, Puebla, Campagne & Curet, APLC's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 29th day of September, 2015.

By: /s/Lindsey A. Morgan
LINDSEY A. MORGAN
Attorneys for Pacific Gas and Electric Company